**DORSETT et al. v. STUCKE et al.***
(No. 7697.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

**I. Wills ⬅═⮞439—Intention of testatrix, if ascertainable, must be given effect.**

Intention of testatrix, if ascertainable from terms of will and circumstances of case, must be given effect.

**2. Wills ⬅═⮞767—Bequest of mother to son of $30 per month from date of his majority to probate of will to be paid out of properties of business held absolute.**

Bequest by mother to her son; who had conducted grocery business with her, of $30 a month from his majority until date will was

probated to be paid out of properties and assets of grocery business which testatrix sold just before her death, *held* to be absolute bequest.

**3. Wills ⬅═⮞767—Bequest to be paid out of properties and assets of business held not defeated because business was discontinued just prior to testatrix's death.**

Where testatrix made direct, definite, absolute bequest to her son to be paid from and out of properties and assets of her grocery business, bequest could not be defeated because business had been discontinued by testatrix just prior to her death.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Proceeding by Louisa Hehn Dorsett and others against Henry Stucke and others for the construction of the will of Mrs. Anna Barbara Stucke, deceased. From an adverse judgment, plaintiffs appeal. Affirmed.

McAskill, Williams & Alter and Jack Horner, all of San Antonio, for appellants.

Victor Keller, B. H. Kelly, and Newton & Woods, all of San Antonio, for appellees.

SMITH, J. In a will probated on July 8, 1912, Mrs. Anna Barbara Stucke devised her estate, share and share alike, to her seven children, subject to a codicil added shortly prior to her death, as follows:

"Whereas, I, Anna B. Stucke of the county of Bexar, and state of Texas, having heretofore made my last will and testament bearing date of 4th day of September, 1906, and realizing that my son Fred W. Stucke has been of great aid and assistance to me in building up and maintaining my retail grocery business, situated at No. 401 East Commerce St., in San Antonio, Texas, and that he has been insufficiently compensated therefor by me, I therefore declare this to be a codicil to my last will and to be taken and considered as a part thereof.

"I do therefore give and bequeath unto my beloved son Fred W. Stucke, the sum of thirty ($30.00) dollars per month from January 12, 1904, the date of his majority, until the probating of this will in accordance with the law. This bequest is in addition to what my son will receive from me during my lifetime for his services. It is further my will and desire that this amount be paid from and out of the properties and assets of my said grocery business."

The grocery business referred to in the codicil was being operated by the testatrix with the aid of her son, Fred, in a building and upon ground owned by her. They continued the business up to within a few months of her death, when she sold the business, but not the real estate and improvements, which she still owned at the time of her death. The estate left by Mrs. Stucke seems to have been administered by a receiver appointed therefor by the court below,

---

⬅═⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 27, 1927.

who sold the store building along with the other property belonging to the estate. This proceeding was brought by some of the devisees under the will against Fred Stucke for the purpose of procuring a judicial construction of the will. All the devisees were before the court, by intervention or otherwise. The point made by appellants is that, because the grocery business referred to in the codicil of the will had been disposed of by testatrix at the time of her death, the provision in the codicil for the payment of $30 a month to Fred Stucke out of the property and assets of that business must fail. The trial court held that the bequest did not fail, and rendered judgment in favor of Fred Stucke for the amount of that bequest, to be paid out of the estate generally as a prior claim.

[1] In deference to familiar rules, the intention of the testatrix, if ascertainable from the terms of the will and the circumstances of the case, must be given effect. Was it the intention of Mrs. Stucke to make an absolute bequest to her son, Fred, of an amount equal to $30 a month from January 12, 1904, until the date her will was probated? Or will the fact that the grocery business was discontinued by the testatrix a few months prior to her death and the probating of the will have the effect of defeating the bequest?

[2, 3] The codicil embracing this bequest was annexed to the will in May, 1911, and at that time seven-eighths of the period during which the legacy was to accumulate had already elapsed. It was recited by Mrs. Stucke in the codicil that her "son has been of great assistance to me in building up and maintaining my retail grocery business," and that "he has been insufficiently compensated therefor by me," and that "I do therefore give and bequeath unto my beloved son the sum of $30 per month from * * * the date of his majority until the probating of this will * * * in addition to what my son will receive from me during my lifetime for his services." It is obvious from these recitations that the mother recognized that she owed her son this debt for services already performed by him in preserving and increasing her estate, and that she desired that the debt be paid out of that estate. It was a direct, definite, absolute bequest. It cannot be defeated by the wish expressed in the codicil by the testatrix that the amount thus devised "be paid from and out of the properties and assets" of said grocery business just because that business was discontinued by her just prior to her death. She disposed of the business as such, but retained the store building in which the business had been conducted. It is presumed, of course, that the proceeds of the sale of the business went into the corpus of the estate, which, in substance, was therefore the same estate as that out of which the bequest, when made, was to be taken. The bequest will not fail because the form of that portion of the estate out of which it was to be paid was changed just before the bequest matured. If such event could defeat the bequest by occurring a few months before the death of the testatrix, then it could be said that it would have had that effect had it occurred the day before or even contemporaneously with her death, which would be an absurdity. If the payment of the bequest had been dependent upon the existence of the grocery business, it was nevertheless enforceable in this case because the proceeds from the sale of the business itself were merged into the general estate, while the store building and real estate were preserved intact to the estate.

Mrs. Stucke discontinued the grocery business before her death, but she did not change her will or the codicil in question. It will be presumed from the circumstances that, if she did not want the bequest paid out of the estate as then constituted, she would have indicated her wish by changing her will, or by revoking the codicil.

It is obvious from the terms of the will and the circumstances of the case that Mrs. Stucke intended that the bequest in question be paid in any event, and the mere fact that the grocery business was discontinued by her before her death did not have the effect of defeating the bequest.

The judgment is affirmed.